UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROPERTY INVESTORS 2016, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WALLEN YEP, <br> Defendant. | Case No. 2:18-cv-02527-TLN-AC <br><br> **SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Wallen Yep's ("Defendant")[1] Notice of Removal. (ECF Nos. 1.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, Contra Costa County, due to lack of subject-matter jurisdiction.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 13, 2018, Plaintiff Property Investors 2016, LLC ("Plaintiff") brought an action against Defendant for possession of the real property known as 119 Kentucky Street, Vallejo, California ("the Property"). (Notice of Removal, ECF No. 1 at 10.) The Complaint alleges that Plaintiff is the true and lawful owner of the Property pursuant to a valid Trustee's

---

[1] The original action in state court was alleged against Defendant Wallen Yep and Young Sun Yep. Defendant Young Sun Yep does not join in any of these documents and is not mentioned by Defendant Wallen in his arguments. Because Defendant Young Sun Yep does not join in the removal as required by 28 U.S.C. § 1446(b)(2)(A), jurisdiction is procedurally barred. To avoid the potential of Defendants attempting to remove this matter a second time, the Court will nonetheless discuss the merits of removal.

1

Deed Upon Sale. (ECF No. 1 at 11.) Plaintiff asserts Defendant was served a notice to quit the premises within 3 days on August 10, 2018, but continues to occupy the Property. (ECF No. 1 at 11.) Plaintiff alleges the fair rental value of the Property is $3,000 a month or $100 a day. (ECF No. 1 at 12.) Plaintiff seeks damages in the amount of $100 a day for each day Defendant remains in possession of the Property after expiration of the 3-day notice to quit. (ECF No. 1 at 11.)

On September 18, 2018, Defendant filed a Notice of Removal, removing this action from the Contra Costa County Superior Court to the instant Court. (ECF No. 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///

///

2

### III. ANALYSIS

Defendant states in the notice of removal that this Court has jurisdiction pursuant to 28 U.S.C §§ 1331, 1332, or 1333. (ECF No. 1 at 2.) Defendant asserts this Court has federal question jurisdiction because "Plaintiff is in violation of 12 U.S.C. §3708, Implementing Regulation, §1.1-1, Title 24 C.F.R. 220.814." (ECF No. 1 at 2.) Defendant does not present any evidence regarding diversity jurisdiction or jurisdiction under § 1333. (See ECF No. 1.) After reviewing the Notice of Removal, the Court concludes that Defendant does not present a viable argument to support federal jurisdiction on any of the three-purported basis.

First, as to federal question jurisdiction, Defendant states "Plaintiff is in violation of 12 U.S.C. §3708, Implementing Regulation, §1.1-1, Title 24 C.F.R. 220.814." (ECF No. 1 at 2.) Defendant asserts Plaintiff's alleged violation constitutes federal question. However, the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 10–12.) Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392. Even if Defendant were to allege Plaintiff violated federal law, the claim would arise under an answer or counter-claim and would not arise on the face of the complaint. Thus, the Court lacks jurisdiction based on federal question.

Next, Defendant cannot satisfy the requirements for diversity jurisdiction under section 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States." Defendant does not offer any discussion regarding the citizenship of either party, and thus, fails to meet his burden to demonstrate diversity jurisdiction.

Even assuming complete diversity exists, Plaintiff fails to demonstrate the amount in controversy exceeds $75,000. The burden of proving the amount in controversy depends on what the plaintiff has pleaded on the face of the complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479

F.3d 994, 998, 1000 (9th Cir. 2007). When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009). Defendant does not discuss the amount in controversy, and therefore, has not met his burden on removal. Even so, a review of the complaint demonstrates Plaintiff alleges damages calculated at $100 per day for each day Defendant remained in possession of the Property after the expiration of the notice to quit on August 13, 2018. (ECF No. 1 at 16.) From August 13, 2018 to present, Defendant has accrued $3,600 in damages for the property. Thus, Defendant could not demonstrate the amount in controversy exceeds $75,000 had he attempted to do so.

Finally, Defendant asserts jurisdiction under § 1333. Section 1333 conveys the Court with jurisdiction "In any civil case of admiralty or maritime jurisdiction," and "Any prize brought into the United States and all proceedings for the condemnation of property taken as prize." 28 U.S.C. § 1333(a), (b). This matter involves an unlawful detainer for real property, and thus, is simply not a case of maritime or admiralty, or a prize brought into the United States.

In summary, the state court Complaint involves a singular cause of action for unlawful detainer alleging damages in an amount less than $10,000 arising solely under state law and not under federal law. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV. CONCLUSION**

Thus, for the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, Contra Costa County.

IT IS SO ORDERED.

Dated: September 20, 2018

Troy L. Nunley
United States District Judge